**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 20 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ERIKA HENRY; DANIEL HENRY, wife and husband, with two minor children K.H. and B.H., <br><br>       Plaintiffs - Appellees, <br><br>  v. <br><br> UMAIR A. SHAH; JESSICA TODOROVICH; ROY CALICA, <br><br>       Defendants - Appellants, <br><br> and <br><br> WASHINGTON DEPARTMENT OF HEALTH, JOHN DOES 1-10, <br><br>       Defendants. | No. 25-469 <br><br> D.C. No. 2:22-cv-00046-MKD <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of Washington
Mary K. Dimke, District Judge, Presiding

Argued and Submitted December 2, 2025
Portland, Oregon

Before: McKEOWN and SUNG, Circuit Judges, and FITZWATER, District

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Judge.[**]

Plaintiff Erika Henry claims Defendants Umair A. Shah, Jessica Todorovich, and Roy Calica terminated her employment with the Washington Department of Health ("DOH") in violation of the First Amendment. Defendants seek interlocutory review of the district court's denial of their motion for summary judgment based on qualified immunity. We affirm.

Qualified immunity shields government officials from liability for civil damages unless a plaintiff shows "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011). Plaintiffs bear the burden of satisfying both prongs of this test. *Charfauros v. Bd. of Elections*, 249 F.3d 941, 952 (9th Cir. 2001). But because Defendants moved for summary judgment, the district court was required to view the record in the light most favorable to Plaintiffs, and Defendants bore the burden of showing that there is no genuine dispute of material fact. Fed. R. Civ. P. 56(a); *Damiano v. Grants Pass Sch. Dist. No. 7*, 140 F.4th 1117, 1136 (9th Cir. 2025).

Further, because this is an interlocutory appeal of a denial of summary judgment on the ground of qualified immunity, we lack jurisdiction to review the

---

[**] The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

district court's factual determination that "the evidence is sufficient to show a genuine issue of fact for trial." *Scott v. Smith*, 109 F.4th 1215, 1222 (9th Cir. 2024) (quotation marks and citation omitted). We may review only "whether the defendant would be entitled to qualified immunity as a matter of law, assuming all factual disputes are resolved, and all reasonable inferences are drawn, in plaintiff's favor." *Id*. Making those assumptions, we review the denial of summary judgment on the ground of qualified immunity de novo. *Id*. at 1222.

1. At the first step of the qualified immunity analysis, the issue is whether Defendants' termination of Henry violated the First Amendment. Defendants do not dispute that they terminated Henry because of her speech—a letter she wrote to the Spokane Regional Health District criticizing its termination of its Public Health Officer. But Defendants argue Henry's termination was nonetheless lawful on two grounds, and we address each in turn.

Defendants contend that Henry sent the letter pursuant to her official duties, not as a private citizen, and therefore, "the Constitution d[id] not insulate [her] communications from employer discipline." *Jensen v. Brown*, 131 F.4th 677, 688 (9th Cir. 2025). However, the district court determined there is a genuine factual dispute regarding whether Henry spoke as a public employee or private citizen. On appeal, Defendants ask us to find that Henry failed to show that she spoke as a private citizen. But, on interlocutory review, we must accept the district court's

3                                                                                                  25-469

determination that there is a genuine dispute regarding that factual issue "unless Plaintiffs' version of events is blatantly contradicted by the record." *Scott*, 109 F.4th at 1222 (quotation marks omitted). Defendants argue that commenting on a local health jurisdiction's ("LHJ's") personnel decision is one of Henry's job duties, but Henry presented competing evidence regarding that factual issue. Because Henry's version of the facts is not blatantly contradicted by the record, we assume that there is a genuine factual dispute and that it will be resolved in Henry's favor. With those assumptions, Henry engaged in speech that was related to her employment but not pursuant to her official job duties. When a public employee engages in such speech, she speaks as a private citizen. *See, e.g.*, *Pickering v. Bd. of Educ. of Twp. High Sch. Dist.*, 391 U.S. 536, 571-72 (1968); *Greisen v. Hanken*, 925 F.3d 1097, 1112-13 (9th Cir. 2019); *Eng v. Cooley*, 552 F.3d 1062, 1073 (9th Cir. 2009).

Defendants also argue that, even assuming Henry established a prima facie case of First Amendment retaliation, Defendants met their burden under the *Pickering* balancing test as a matter of law. Under *Pickering*, when the plaintiff has established a prima facie case, the government can avoid liability by establishing that its "legitimate administrative interests in promoting efficient service-delivery and avoiding workplace disruption outweigh the plaintiff's First Amendment interests." *Damiano*, 140 F.4th at 1137 (discussing *Pickering*, 391 U.S. at 568).

To establish that defense, Defendants must show that Henry's speech caused an "actual, material and substantial disruption, or reasonable predictions of disruption in the workplace," and that, considering the magnitude of that disruption, Defendants' administrative interests outweigh Henry's First Amendment interests. *Id.* at 1138 (quoting *Robinson v. York*, 566 F.3d 817, 824 (9th Cir. 2009)). Further, because Defendants moved for summary judgment under *Pickering*, "their burden is especially high—they must show that Plaintiffs' expressive conduct caused actual or reasonably predicted disruption 'so substantial' that the [DOH's] interests outweigh [Henry's] free speech interests as a matter of law." *Id.* at 1147 (quoting *Riley's Am. Heritage Farms v. Elsasser*, 32 F.4th 707, 726 (9th Cir. 2022)).

The district court determined there are genuine factual disputes material to the *Pickering* analysis, including disputes regarding whether Henry's speech caused any disruption to DOH's operations, and we lack jurisdiction to review those determinations. Henry's version of the facts—that any disruption was, at most, insubstantial—is not blatantly contradicted by the record. Defendants primarily point to Defendant Todorovich's deposition testimony that other LHJs "brought up multiple times the lack of trust that LHJs had in the state because of this particular situation." But Todorovich could not provide specific details about this alleged disruption. *See Damiano*, 140 F.4th at 1144 (concluding that vague

5                                                      25-469

testimony was insufficient to establish disruption as a matter of law). Further, Henry presented evidence that contradicted Todorovich's deposition testimony, including testimony from Spokane Regional Health District Board members that her speech did not affect their relationship with DOH, and evidence that the purported lack of trust between DOH and LHJs had other causes. Assuming the factual disputes regarding disruption are resolved in Henry's favor, Defendants did not meet their burden under *Pickering*.

2. At the second step of the qualified immunity analysis, we assume Defendants violated Henry's First Amendment right and ask whether that right was clearly established at the time of the violation. *Id.* at 1147. Again, because we are on interlocutory review of a denial of summary judgment, we conduct that analysis assuming all the genuine factual disputes identified by the district court are resolved in Henry's favor. This means that we assume Henry spoke as a private citizen to her local government representatives about a public matter and that her speech did not cause material and substantial disruption to DOH's operations. When Defendants terminated Henry on May 19, 2021, it was clearly established that a public employer violates an employee's First Amendment rights by discharging her for engaging in such speech when it causes little to no disruption to the employer's operations. *See, e.g.*, *Pickering*, 391 U.S. at 572-73; *Settlegoode v. Portland Pub. Schs.*, 371 F.3d 503, 514 (9th Cir. 2004); *Nunez v. Davis*, 169 F.3d

1222, 1228-29 (9th Cir. 1999).

Defendants contend that the right was not clearly established because Henry was a high-level executive speaking on a matter related to her employment. In *Moran v. State of Washington*, we held that a public employer lawfully terminated a high-ranking employee for objecting to a program she was "specifically charged with responsibility for [] implementing." 147 F.3d 839, 849-50 (9th Cir. 1998). There are two problems with this argument. First, the district court determined that the nature and scope of Henry's position is genuinely disputed. Resolving those disputes in favor of Henry, this case is not analogous to *Moran*.

Second, even if there were no genuine dispute that Henry was a high-ranking employee, it was clearly established that a public employer violates the First Amendment by discharging an employee for speaking as a private citizen on a matter of public concern—even when the employee is high-ranking and the matter is related to her employment—when that speech does not cause material and substantial disruption to the employer's operations. *See, e.g.*, *Greisen*, 925 F.3d at 1112-13 (employer violated First Amendment when it terminated police chief for speech about city budget); *Eng*, 552 F.3d at 1072-73 (employer violated First Amendment when it terminated district attorney for speech leaking information to the IRS).

Defendants emphasize that in *Moran*, we cautioned that the law on a matter

under the *Pickering* balancing test "will rarely, if ever, be sufficiently 'clearly established' to preclude qualified immunity." 147 F.3d at 847. While that caution remains true as a general proposition, there are exceptions. *See, e.g.*, *Dodge v. Evergreen Sch. Dist. #114*, 56 F.4th 767, 778 (9th Cir. 2022). Further, "[o]fficials can still be on notice that their conduct violates established law even in novel factual circumstances" where no prior case "address[ed] [those] precise facts." *Id.*[1]

**AFFIRMED**.

---

[1] The denial of qualified immunity at summary judgment does not bar Defendants from raising the defense at trial or after trial. *See Sloman v. Tadlock*, 21 F.3d 1462, 1467-68 (9th Cir. 1994) ("Where [] officials are forced to go to trial because their right to immunity turns on the resolution of disputed facts, … the qualified immunity determination should be made by the jury if it is based on facts which are genuinely in dispute."); *A.D. v. California Highway Patrol*, 712 F.3d 446, 459 (9th Cir. 2013) ("[P]ost verdict, a court must apply the qualified immunity framework to the facts that the jury found.").